## Case No. 15,257.

### UNITED STATES v. GREEN.

[9 Reporter, 235.] [1]

Circuit Court E. D. Wisconsin. 1879.

CRIMINAL LAW — FRAUDULENT PENSION CLAIM — —INDICTMENT—SUFFICIENCY.

In an indictment for presenting for payment a false and fraudulent claim against the government (section 5438, Rev. St.), it is not sufficient to charge the offence in the words of the statute; but the facts constituting the offence must be alleged with such particularity as to apprise the accused with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defence and plead the judgment in bar to a subsequent prosecution.

Indictment under section 5438, Rev. St., for presenting for payment to the pension agent in Milwaukee, a false and fraudulent claim for pension money. The defendant was convicted. [The case is now heard upon motion in arrest of judgment.]

G. W. Hazleton, for the Government.
J. G. Jenkins, for defendant.

DYER, District Judge. Objection is made to this indictment as not stating any offence, the argument being that no offence is described with such certainty as the law of criminal pleading requires. The reply of the learned district attorney is, that it states

i [Reprinted by permission.]

the offence substantially in the language of the statute, and that this is sufficient. It will be observed that the gist of the offence, as we find it defined in the statutes, is the presentation for payment of a false or fraudulent claim. The indictment alleges no facts which constitute the fraud; it is not shown how the fraud was perpetrated, nor wherein the claim was false, except that the defendant presented a claim which he represented to be due to him by virtue of a pension certificate which had been theretofore procured upon false and fraudulent proofs, and by unlawful and fraudulent devices, and without authority of law. What the false and fraudulent proofs and unlawful and fraudulent devices were, is not stated. The question is: Are these allegations sufficiently certain, and do they contain statements of fact which will support a conviction? It is a general rule that in an indictment for an offence created by statute it is sufficient to describe the offence in the words of the statute. In U. S. v. Simmons, 96 U. S. 360, in pointing out the precise scope and limitation of this rule, and after stating the rule, Justice Harlan says in the opinion: "But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence and plead the judgment as a bar to any subsequent prosecution for the same offence;" and here, I think, we strike the fatal point in this indictment. For, after careful and serious consideration, such as a case of this nature requires, I am unable to see how defendant could plead his present conviction under this indictment, and a judgment thereon, in bar of a second prosecution for the same offence. It is alleged only that he presented to the pension agent a claim for pension moneys under a pension certificate, which was procured by false and fraudulent proofs, and unlawful and fraudulent devices. The fraud should have been by apt allegation, more particularly identified; it should have been alleged what the proofs and devices were, and wherein they were fraudulent, and it is, in my judgment, immaterial when the proofs were made or devices resorted to,—whether at the time of presenting the claim, or a time anterior, and when made as the basis for obtaining the pension certificate. If the fraudulent devices had consisted of an act done when payment was demanded, it would, I think, be clear that the nature of the devices of particular fraud practised at the time should be alleged; and if this is so, it seems also essential that they should be alleged, though they were, in fact, practised at and before the time of obtaining the pension certificate. It was stated upon the argument that what is alleged in the indictment in regard to fraud in obtaining the

pension certificate, relates to the evidence of the offence, and not' the offence itself; but it is not the presentation, of the claim for payment which makes the offence; it is the presentation for payment of a false or fraudulent claim, and as no fraud can be committed but by deceitful practices, the particular deceitful practices by which the fraud is alleged to have been committed, or which make the claim fraudulent, should be to such extent set forth so as to make the fraud appear upon the face of the indictment. This may be to a certain extent alleging the evidence of the offence, but it is rather the statement of essential facts which constitute the fraud, and therefore make the presentation for payment of the claim a criminal offence. The point is one that cannot be made clearer by elaboration. I rest my judgment upon the fact that the allegations of the pleading are not sufficient, within the rule stated by the supreme court, to apprise the defendant with that certainty which the law requires of the nature of the accusation against him, to the end that he may prepare his defence and plead the judgment as a bar to any subsequent prosecution for the same offence. Judgment arrested.